UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

**ELLEN S. BRAKE,**

    **Plaintiff,**

v.                         Case No.:

**ALL FLORIDA SAFETY INSTITUTE, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ELLEN S. BRAKE ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, ALL FLORIDA SAFETY INSTITUTE, LLC ("Defendant"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in the Middle District.

**PARTIES**

4. Plaintiff is a resident of Pasco County, Florida.

5. Defendant operates a driving school with an office and place of business located in St. Johns County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as an office administrator in or around July 2019, and she worked for Defendant in this capacity until on or around October 5, 2020.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that she worked at a rate equal to one and one-half times her regular hourly rate.

19. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

20. Throughout the course of her employment, Plaintiff questioned Defendant as to the reason that she was not being paid for the hours that she worked over forty (40) hours in one work week at the statutorily required rate of pay. When Plaintiff asked Vice President Paul Trippy, he informed Plaintiff that Defendant was not required to pay overtime.

21. On or around a date in May 2020, Plaintiff contacted the U.S. Department of Labor ("DOL") and reported Defendant's failure to pay her overtime at the statutorily required rate of pay of time and one-half for all hours she worked over forty (40) hours in one work week.

22. The DOL conducted an investigation into Plaintiff's complaint against Defendant.

23. On or around September 15, 2020, in order to comply with the DOL, Defendant paid Plaintiff for her previously unpaid overtime in accordance with the FLSA.

24. On or around October 5, 2020, Defendant retaliated against Plaintiff by terminating her employment because Plaintiff reported Defendant's failure to pay overtime in accordance with the FLSA to the DOL.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I– FLSA RETALIATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. By complaining about her unpaid overtime to the DOL which resulted in the DOL ordering Defendant pay Plaintiff her unpaid overtime wages, Plaintiff engaged in protected activity under the FLSA.

28. By terminating her employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of March, 2021.

                        Respectfully submitted,

                        _____
                        **CHRISTOPHER J. SABA**
                        Florida Bar Number: 0092016
                        **WENZEL FENTON CABASSA, P.A.**
                        1110 North Florida Avenue, Suite 300
                        Tampa, Florida 33602
                        Main Number: 813-224-0431
                        Direct Dial: 813-321-4086
                        Facsimile: 813-229-8712
                        Email: csaba@wfclaw.com
                        Email: tsoriano@wfclaw.com
                        **Attorneys for Plaintiff**